# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-31022

BEN THOMPSON,

*Plaintiff—Appellant*,

*versus*

GEO GROUP, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-208

Before OWEN, *Chief Judge*, and KING and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

After a ceiling tile fell on a prisoner's neck, he sued the private prison owner for damages. Following a bench trial, the district court held that the prisoner failed to prove that the incident caused injuries requiring surgery, but nevertheless awarded $15,000 in pain and suffering, finding that the incident did cause *an* injury and some pain. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-31022

## I.

Plaintiff-appellant Ben Thompson was a prisoner at Allen Correctional Center, which was owned by defendant-appellee The GEO Group, Inc. ("GEO") during the relevant time. On February 13, 2015, Thompson was in the auxiliary kitchen when a one-and-one-half pound ceiling tile fell on him, striking him in the head and neck (the "ceiling-tile incident"). GEO stipulated to liability as to the cause of the ceiling tile's fall.

After the ceiling-tile incident, medical staff examined Thompson and observed a slight redness on the back of his neck. Notwithstanding x-ray and CT scan results that revealed no fractures or acute injuries, Thompson claimed that he began suffering from a variety of ailments including neck pain, headaches, facial pain, facial numbness, earaches, burning sensations, urinary problems, bowel problems, and eye pain. And Thompson was evaluated numerous times for his various complaints. Indeed, an MRI was performed in 2017, and, in 2018, Thompson had neck surgery. But to be sure, the ceiling-tile incident was not the only incident where Thompson could have sustained an injury that led to his need for surgery.

Thompson filed suit against GEO, alleging violations of the Eighth Amendment and a state law negligence claim. The district court dismissed the Eighth Amendment claim and then held a bench trial on the state law claim, where it found that Thompson had failed to prove that the ceiling-tile incident caused his alleged injuries and need for surgery. Nevertheless, the district court awarded Thompson $15,000 in pain and suffering, finding that the ceiling-tile incident had caused *an* injury and some pain. Thompson timely filed a notice of appeal.

## II.

Following a bench trial, we review findings of fact for clear error and legal issues de novo. *Guzman v. Hacienda Records and Recording Studio, Inc.*,

2

808 F.3d 1031, 1036 (5th Cir. 2015). We extend great deference to the trial court's findings of fact and greater deference still to the trial court's credibility determinations, even if we might have weighed the evidence differently. *Id.* The district court's findings need only be plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

On appeal, Thompson challenges the district court's causation determination. Specifically, the district court found that Thompson failed to prove that the ceiling-tile incident caused his alleged injuries and need for surgery. We agree with the district court.

Under Louisiana law, "a plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury." *Maranto v. Goodyear Tire & Rubber*, 650 So.2d 757, 759 (La. 1995). Louisiana's *Housley* presumption aids a plaintiff in proving causation. *Id.* at 761. Specifically, the plaintiff receives the benefit of the presumption of causation if he shows that (1) he was in good health prior to the accident; (2) commencing with the accident, the symptoms of the disabling condition appeared and continuously manifested themselves afterwards; and (3) there is a reasonable probability of a causal connection between the accident and the disabling condition. *Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991). A defendant may, however, overcome the presumption by showing that some other particular incident could have caused the injury in question. *Maranto*, 650 So.2d at 761. Without the benefit of the *Housley* presumption, a plaintiff must prove through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Id.* at 759.

In this case, the district court held that Thompson was not entitled to the *Housley* presumption because, in light of the other incidents that subsequently occurred, GEO had "overcome the presumption."

No. 19-31022

Indeed, there are at least 17 other incidents that occurred after the ceiling-tile incident that could have caused Thompson's injuries and need for neck surgery. For example, Thompson was involved in numerous fights, picked up a heavy ice chest, slipped in the bathroom, fell out of his bunk, and slipped on wet concrete. And GEO showed that these other incidents might have caused Thompson's various injuries and need for the surgery. Specifically, in deposition testimony, one of the doctors testified that Thompson could have herniated a disc when picking up a heavy object such as the ice chest he picked up in September 2015. Similarly, that same doctor testified that the head, neck, and ear pain could have been caused by Thompson's fall in the bathroom in November 2015. In other words, these "particular incident[s] could have caused the injury in question." *Maranto*, 650 So.2d at 761.

And Thompson makes no arguments to rebut the district court's holding that GEO overcame the presumption in light of these other incidents.[1] Instead, Thompson makes a single, bald statement that there were no findings "sufficient to overcome the *Housley* presumption or to outweigh the expert medical opinions of Dr. Shamieh and Dr. Noble."

In the absence of the *Housley* presumption, Thompson had to prove, through medical testimony, that it was more likely than not that his alleged

---

[1] Rather, Thompson focuses on the third prong of the *Housley* presumption and appears to argue as if the district court simply found no causal connection. But even if we were to accept Thompson's characterization, there would be no error. The Louisiana courts have found that where a medical causation opinion had a "questionable basis" due to a plaintiff's "serious credibility problems," *Housley*'s third prong was not met. *See Turner v. Cleveland Trust Co.*, 686 So. 2d 871, 879 (La. Ct. App. 4 Cir. 1996). This is precisely the case here. And Thompson's attempt to point to Dr. Noble's deposition testimony to meet *Housley*'s third prong is unavailing. Dr. Noble testified that he could not "make a determination either way" whether it was "more likely than not that the ceiling tiles caused the disc herniation, the radiculopathy, and the need for surgery."

injuries and surgery were caused by the ceiling-tile incident. *Turner*, 686 So.2d at 879. He failed to do so.

As the district court explained, although one doctor, Dr. Shamieh, connected the ceiling-tile incident to the surgery, Dr. Shamieh's opinion was based on only one exam of Thompson and an MRI taken two years after the incident as well as Thompson's subjective complaints. And the district court found that Thompson was not credible—both because of inconsistencies in his testimony and what the district court perceived as a tendency to "overexaggerate" his symptoms. It is precisely this type of credibility issue that Louisiana courts have found prevents a plaintiff from proving that it was more likely than not that a specific incident caused a specific injury. *See Turner*, 686 So.2d at 879–80 (emphasizing that "[t]he problem with [the plaintiff's] case is her own credibility"). And credibility determinations are for the district court to make. *Guzman*, 808 F.3d at 1036. To that end, the district court chose to "give greater weight" to the testimony of the other doctors.

Additionally, as discussed above, the district court found that "Thompson was involved in an inordinate amount of altercations and other incidents between [the ceiling-tile incident] and when the surgery was performed" approximately three years later.

Because the district court's findings are plausible in light of the record viewed in its entirety, there is no error. *See Anderson*, 470 U.S. at 574.

## III.

Thompson also argues that the award of damages is inadequate. We disagree.

We review an award of damages for clear error. *Johnson v. Offshore Expl., Inc.*, 845 F.2d 1347, 1356 (5th Cir. 1988). And "any amount [of

damages] awarded for pain and suffering depends to a great extent on the trial court's observation of the plaintiff and its subjective determination of the amount needed to achieve full compensation." *Id.* (cleaned up). We will "not set aside a trial court's damage award unless it is clearly inadequate." *Hyde v. Chevron U.S.A., Inc.*, 697 F.2d 614, 632 (5th Cir. 1983).

The district court awarded Thompson $15,000 for pain and suffering. Specifically, the district court held that "[e]ven though [it found] that the [ceiling-tile] incident [was] not related to the . . . surgery, . . . Thompson ha[d] proved that the [ceiling-tile] incident injured his neck and that he suffered pain because of that injury." And in this context, the award is not inadequate.

Although Thompson arguably points to some evidence that could support an increased award such as his own testimony about a stutter he developed and activities he can no longer participate in, it was the district court's job to evaluate the evidence and Thompson's testimony. *See Porter v. K-Mart Corp.*, No. 98-31184, 1999 WL 1338426, at *1 (5th Cir. Dec. 29, 1999). And to be sure, the district court did not find Thompson to be a credible witness. To that end, we will not disturb the district court's award simply because the district court did not accept Thompson's evidence and testimony. *See Porter*, 1999 WL 1338426, at *1. Additionally, because the district court did not find that it was more likely than not that the ceiling-tile incident caused the need for surgery, Thompson's argument that his medical expenses should have been awarded is equally unavailing.

Therefore, in light of the record evidence, there is no clear inadequacy with the award of damages.

**IV.**

For the foregoing reasons, we AFFIRM.